No. 14-11157-F
District Court Case No.: 1:13-cv-21189-KMW

UNITED STATES COURT OF APPEALS

THE ELEVENTH CIRCUIT
_____

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff/Appellee,

v.

UNITED GUARANTY CORPORATION,

Defendant/Appellee,

PHH CORPORATION,
PHH MORTGAGE CORPORATION,
PHH HOME LOANS, LLC,
ATRIUM INSURANCE CORPORATION,
ATRIUM REINSURANCE CORPORATION

Intervenor-Defendants/Appellants
_____

APPEAL TAKEN FROM
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
_____

APPELLANTS' REPLY IN SUPPORT OF MOTION FOR
JUDICIAL NOTICE OR TO SUPPLEMENT THE RECORD

WEINER BRODSKY KIDER PC
Mitchel H. Kider
David M. Souders
Michael Y. Kieval
1300 19th Street, N.W., 5th Floor
Washington, D.C. 20036
(202) 628-2000

Appellants PHH Corporation, PHH Mortgage Corporation, PHH Home Loans, LLC, Atrium Insurance Corporation and Atrium Reinsurance Corporation (collectively, "Appellants") submit this reply memorandum in support of their Motion for Judicial Notice or to Supplement the Record (the "Motion"), which asks the Court to take judicial notice of two documents: the CFPB's Final Appellate Determination Granting in Part and Denying in Part the Appeal of FOIA Request No. 2014-162-F, dated June 20, 2014 (Exhibit A to the Motion) (the "FOIA Determination"); and an excerpt of the transcript of an administrative hearing held by the CFPB's Office of Administrative Adjudication on March 5, 2014 (*In the Matter of PHH Corp., et al.*, No. 2014-CFPB-0002), in which the Administrative Law Judge heard argument on the Respondents' (Appellants here) Motion for Summary Disposition (excerpt attached as Exhibit B to the Motion) (the "Administrative Transcript").

Appellees Consumer Financial Protection Bureau ("CFPB") and United Guaranty Corp. ("UGI") together make three arguments in opposition to the Motion: 1) that Appellants purportedly seek to use the judicially-noticed documents in order to prove the truth of their contents, rather than to establish that the CFPB made certain statements; 2) that the documents are "unnecessary;" and 3) UGI—but not the CFPB—asserts that the documents have not been properly authenticated. Since none of these arguments is meritorious, the Motion should be

granted.

    1.    The CFPB asserts that Appellants are seeking judicial notice of "highly disputed" "contentions," rather than adjudicative facts. CFPB Opp. at 4. Not so. Appellants are seeking judicial notice of the fact that the CFPB made the statements in the documents attached to the Motion—and nothing more. Any argument based on those statements is a separate issue from whether the statements should be judicially noticed. Since the CFPB does not—and cannot, though it may wish to do so—deny making those statements, judicial notice is appropriate. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citing cases for the proposition that a court may take judicial notice of the fact of documents entered in other proceedings, but not of truth of statements in those documents)

    2.    The CFPB asserts in its Opposition that "timeliness" is the only relevant issue on appeal, and that the documents are not relevant to that issue. CFPB Opp. at 4. While Appellants disagree, the Court may ignore the CFPB's argument, since it is wholly contradicted by the CFPB's merits Brief, which purports to raise multiple grounds for affirmance in addition to timeliness. In any case, the CFPB's statements *are* relevant to the timeliness factors, in particular to the "unusual circumstances" prong, as well as to the other issues on appeal. *See Transmission Agency of N. Cal v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002) (taking judicial notice of administrative agency decision, even

though not dispositive of any issue in the appeal, finding the existence of the other proceedings to be "an adjudicative fact relevant to th[e] case," whose existence and contents were not in dispute, and therefore subject to judicial notice). Notably, the CFPB admits that this transcript extract "is relevant to these proceedings," although it disagrees as to the reason. CFPB Opp. at 3.

3.     UGI complains that the documents are "non-public" and were not accompanied by a declaration. UGI Opp. at 1, 6. The only case cited by UGI, however, had nothing to do with judicial notice. *Id*. at 6. Tellingly, the CFPB makes no such objection, and UGI does not even suggest that the documents are anything other than what they claim to be. *See Ross v. Am. Express Co.*, No. 04-Civ-5723, 2014 U.S. Dist. LEXIS 50550, at *63 n.27 (S.D.N.Y. Apr. 10, 2014) (noting that "it is telling that Defendants do not point out any errors" in the document to be noticed); *James v. Countrywide Fin. Corp.*, 849 F. Supp. 2d 296, 306 n.1 (E.D.N.Y. Feb. 2, 2012) (taking judicial notice of documents filed with state agency where objecting party "raised no objections as to the authenticity or accuracy of the copies"). Since the documents to be noticed are official documents of the CFPB and the CFPB does not challenge their authenticity, there can be no doubt as to the documents' authenticity and UGI's objection should be rejected. Moreover, UGI is an intervenor in the administrative proceedings, and it has access to the pleadings and transcripts therein. With respect to the FOIA Determination,

if the CFPB's acknowledgement of its authenticity were not enough, the Court can see that the recipient of the FOIA Determination is the undersigned counsel for Appellants, under whose signature the documents were presented to this Court. Judicial notice is by its very nature not subject to the requirements for authenticating evidence, and UGI has not even hinted at any reason to question the authenticity of the FOIA Determination.

4.  The reason the documents in question were not presented to the District Court is straightforward. The FOIA Determination was issued *after* this Appeal was commenced, and after Appellants' Initial Brief was due. Although the Administrative Hearing from which the Administrative Transcript is excerpted did take place very shortly before the District Court Hearing, it occurred *after* briefing had closed in the District Court.

5.  The cases from this Circuit that UGI cites for the propositions that the record should not be supplemented, and that judicial notice should not be taken, are inapposite. *See Shahar v. Bowers*, 120 F.3d 211, 212 & n.1 (11th Cir. 1997) (denying motion for judicial notice of hearsay statement made after Court had issued both panel and *en banc* opinions); *Kemlon Prods. & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. Mar. 12, 1981) (denying, without explanation, request to take judicial notice *after* the appeal was decided). And contrary to UGI's assertion, the Motion is not an attempt to correct any supposed failure to

4

present evidence to the District Court. Rather, Appellants ask the Court to take judicial notice of documents containing statements made by the CFPB which are relevant to this Appeal.

6. The CFPB's attempt to minimize its statements in the two documents through paraphrasing is unavailing. CFPB Opp. at 3-4 ("The cited Bureau statements *that it has the right to enforce the consent order . . .*"). The CFPB's statements in the two documents speak for themselves, and the Court can see that the CFPB in fact stated in the FOIA Determination that it needed to withhold disclosure of ongoing ceding payments so as not to "interfere with the Bureau's ability to enforce the consent order with respect to a different MI," and in the Administrative Transcript represented to the ALJ that the provisions of the Consent Order permitting continued ceding payments only covered "agreements that were in run-off for a matter of weeks." Admin. Transcr. at 56:1-3. In fact, the CFPB is still attempting to obfuscate the fact that the purportedly limited "carve out" for continued ceding payments was in fact substantial and still ongoing, and permitted a very large number of ceding payments to various reinsurers to continue. The fact that Appellant Atrium Re received two months' worth of ceding payments does not undercut the vast and continuing nature of the supposedly limited carve-out, as it affected all of the captive reinsurers with whom UGI had agreements. *See* CFPB Opp. at 7 n.3.

7.      Finally, it is surprising that the CFPB would represent to this Court that it is not "'actively seeking to avoid disclosure' of any reports submitted by mortgage insurers."  CFPB Opp. at 6.  The FOIA Determination attached to the Motion demonstrates precisely the opposite, to say nothing of the CFPB's subsequent withholding of almost every such document after the remand of the FOIA Determination:  On July 21, 2014, the CFPB informed Mr. Kieval that it is fully withholding 337 of 353 pages that were responsive to his FOIA request.  Only 3 of the 16 pages produced were substantive.  The Court may take judicial notice of that letter (attached hereto as Exhibit A) for purposes of ruling on this Motion.

Dated:  July 31, 2014            Respectfully submitted,

WEINER BRODSKY KIDER PC

/s/ Michael Y. Kieval
Mitchel H. Kider
David M. Souders
Michael Y. Kieval
1300 19th Street, N.W., Fifth Floor
Washington, D.C. 20036
Telephone:  (202) 628-2000
Facsimile:  (202) 628-2011
kider@thewbkfirm.com
souders@thewbkfirm.com
kieval@thewbkfirm.com

*Attorneys for Defendant-Intervenors/Appellants*

6

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2014, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which will cause a copy to be served electronically upon the following counsel of record:

John Robert Coleman
john.coleman@cfpb.gov

Kristin Bateman
kristin.bateman@cfpb.gov

Molly Alana Karlin
mollykarlin@quinnemanuel.com

Jane M. Byrne
janebyrne@quinnemanuel.com

Daniel C. Posner
danposner@quinnemanuel.com

/s/ Michael Y. Kieval
Mitchel H. Kider
David M. Souders
Michael Y. Kieval
WEINER BRODSKY KIDER PC
1300 19th Street, N.W., Fifth Floor
Washington, D.C. 20036
Telephone:  (202) 628-2000
Facsimile:  (202) 628-2011
kider@thewbkfirm.com
souders@thewbkfirm.com
kieval@thewbkfirm.com

*Attorneys for Defendant-Intervenors/Appellants*